## In re FELDSER.

(District Court, E. D. Pennsylvania. January 14, 1905.)

No. 1,807.

1. BANKRUPTCY—PROPERTY OF BANKRUPT—RECOVERY—THIRD PERSON—LIABIL-
ITY—PROOF.

A trustee is not entitled to recover funds alleged to belong to a bank-
rupt from a third person unless the proof shows beyond a reasonable
doubt that such person has the fund or property in his possession or con-
trol.

2. SAME—EVIDENCE—FINDINGS.

Evidence in a proceeding to require a third party to pay over to a
trustee in bankruptcy certain moneys claimed to be in his possession,
but belonging to the bankrupt, held to sustain a decision by the referee
in favor of the trustee.

In Bankruptcy.

Henry N. Hessel, for trustee.

Julius C. Levi, for Samuel Feldser.

HOLLAND, District Judge. This is a certificate of review to
the decision of the referee directing Samuel Feldser to pay over
to J. Howard Reber, trustee in bankruptcy of the estate of Rosa
Feldser, bankrupt, the sum of $2,800. The referee, after taking
188 pages of testimony upon the rule of Samuel Feldser to show
cause why he should not pay over $3,500 to the trustee, filed an
opinion in which he finds that Samuel Feldser has in his posses-
sion or control the sum of $2,800, and directs him to pay the same
over to the trustee. I have gone over the evidence and the opinion
of the referee very carefully, and I am convinced that he is correct
in his conclusions of law and fact, with the exception of the amount
which he finds should be paid over. It is necessary that it should
be, as stated by the referee, found beyond a reasonable doubt that
the person against whom the order is made has the funds or prop-
erty in his possession or control.

On the 30th day of November, 1903, Samuel Feldser received
$5,500 from Mr. Lessig, Jr., for the sale of the store, and immedi-
ately thereafter began paying off some of the creditors. To the
Citizens' National Bank he paid $1,500, and to the Tri-County Bank
$500. He further states that he paid to various persons in Potts-
town different sums, ranging from $15 to $500, making a total of
small amounts of $1,200, and he gives the names and residences of these
persons to whom these amounts were paid. The sums particularly
specified as paid to these persons named do not total to the sum
of $1,200, but there are others that he claims were paid, whose
names he failed to recollect; and the evidence in regard to the
$1,200 is very suspicious, it is true. But notwithstanding the fact
of its being improbable, the names of the parties to whom the pay-
ments were made were in Pottstown, and the creditors could have
ascertained whether or not he was telling the truth as to these pay-
ments; and, in the absence of any evidence from them to the con-

trary, the character of his testimony and the circumstances as to the payments having been made are not sufficient to convince me beyond a reasonable doubt that this money was not paid out by him. But as to the balance, to wit, $2,250, which he claims he paid to his mother, I am convinced he still has it in his possession and control. The whole transaction, from the beginning, is of a character to indicate a fixed design to defraud creditors. The method of disposing of it to Lessig, and the story as to how it occurred, its transfer to the present owner, all indicate what was the object of the various transactions. But this can only throw light upon the question as to what Samuel Feldser was aiming to do by the transfer of the property, and would be no reason why an order should be made to require him to pay over money if he did not have it in his possession. His story of the sale and disbursement is so grotesque and improbable that no one can possibly believe it, and, taken together with other evidence and circumstances in the case, I have no doubt whatever but that he has now in his possession and control $2,250.

The exceptions to the referee's order are therefore dismissed, and it is ordered and decreed by the court that Samuel Feldser be directed to pay over to J. Howard Reber, trustee in bankruptcy of the estate of Rosa Feldser, bankrupt, the sum of $2,250 on or before February 15, 1905.